ORTIZ, PLAINTIFF AND APPELLEE, v. ALVARADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action for Damages.

No. 1893.—Decided March 31, 1919.

CONTRACT—NONPERFORMANCE—DAMAGES.—The evidence in this case shows that on August 7, 1917, the plaintiff and the defendant contracted for a loan to be secured by a mortgage, the plaintiff agreeing to lend $3,500 to the defendant for a term of three years, renewable for a further period of three years, at 10 per cent interest payable monthly in advance. The defendant having failed to appear to execute the deed on the day fixed therefor, the plaintiff brought suit against him on August 18, 1917, to recover $1,050 as damages, alleging that three days after they had made the verbal contract he refused another request for a loan of the same sum for three years with interest at 10 per cent per annum, for the reason that he could not dispose of more than $3,500, the amount of the loan which gave rise to this suit. *Held:* That the damages are represented by the interest on the $3,500 from the date on which the loan was agreed on until the date on which the complaint was filed.

The facts are stated in the opinion.

*Mr. J. Q. Torres Salaberry* for the appellant.

*Mr. Rafael Cintrón Lastra* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On August 18, 1917, plaintiff José Federico Ortiz García brought an action for damages in the District Court of Guayama against Patricio Alvarado Figueroa, alleging in the complaint that on the 7th of the said month of August the plaintiff agreed to lend the defendant the sum of $3,500 to

be paid within six years from the said date, with interest at 10 per cent per annum payable in advance, and the defendant agreed to secure the loan by a mortgage on two rural properties belonging to him; that the plaintiff put the said sum at the disposal of the defendant, to be delivered to him as soon as he signed the corresponding deed; that they both gave instructions to notary José C. Ramos for the preparation of the deed; that when the time came to sign the deed the defendant refused to do so, without giving any lawful reason that prevented him from signing the contract; that three days after the said agreement was entered into by the parties Modesto Ortiz Cádiz asked the defendant for a loan of the same amount of $3,500 for the period of three years, with interest at 10 per cent per annum payable monthly, and he was unable to make this loan on account of his obligation to the defendant, as he had no more ready cash at the time, and that the refusal of the defendant to live up to his agreement has caused the plaintiff damages in the amount of $1,050.

The prayer of the complaint is for judgment against the defendant for $1,050 as damages, with interest thereon from the time the complaint was filed and the costs, disbursements and attorney fees.

The defendant answered the complaint, denying its material allegations and alleging as new matter that at first he agreed to borrow the sum from the plaintiff on a mortgage, but on the condition that inasmuch as he had previously created another mortgage in favor of Clemencia Philemón de Godreau, it was necessary that she should cancel that before he could create a new mortgage in favor of the defendant, and he made efforts to obtain such cancelation, but Clemencia Philemón, represented by her attorney in fact, Guillermo Godreau, refused.

The case was tried on evidence introduced by both parties and the lower court made the following findings:

That plaintiff and defendant entered into a contract for the loan of the sum of $3,500 for three years with an option for an extension for three years more, with interest at 10 per cent per annum payable in advance; that the defendant agreed to secure the obligation by a mortgage on two rural properties belonging to him in the ward of Río Jueyes, Salinas; that the parties agreed that the corresponding deed should be executed before notary José C. Ramos; that the plaintiff was always willing to carry out the agreement and for that purpose deposited the money at the disposal of the defendant; that a day having been fixed for signing the deed, the defendant did not appear and the contract was not executed; that the defendant later refused to sign the contract, stating that he had entered into another contract later with Guillermo Godreau or his wife; that on account of this the plaintiff was prevented from making a loan to Modesto Ortiz for the same amount and on the same terms, and the refusal of the defendant to sign the contract has caused the plaintiff damages consisting in the loss of the interest on the said amount for the first year amounting to $350, as it had been agreed that the interest was to be paid annually in advance.

On these conclusions the court entered judgment on January 31, 1918, that the plaintiff recover from the defendant the sum of $350 as damages, together with the costs and disbursements.

From that judgment the defendant appealed to this court and in support of his appeal he alleges substantially that the mortgage contract undertaken with the plaintiff was never perfected, as it was subject to the condition precedent that the defendant secure the cancelation of the mortgage existing on the properties to be newly mortgaged to the plaintiff and that in order that an action for damages of this kind may prosper it is necessary to allege and prove actual and not imaginary or remote damages.

The evidence does not show that the mortgage contract entered into between plaintiff and defendant was expressly affected by the condition invoked by the appellant. It is true that the evidence shows that by a public instrument of May 13, 1916, Patricio Alvarado contracted with Clemencia Philemón, wife of Guillermo Godreau, for a loan of $2,500 for the period of two years, with interest at 12 per cent per annum payable annually, secured by a mortgage on the same rural properties with which the defendant was to secure the payment of the plaintiff's loan, and that Alvarado tried to obtain the cancelation of the said mortgage, but failed because of a disagreement as to the terms on which the cancelation was to be made; but the lower court found, and no manifest error has been shown in its weighing of the evidence, that when plaintiff and defendant entered into the mortgage-loan contract no mention was made to the plaintiff or to the notary who was to attest the deed that it was necessary to cancel first the mortgage in favor of Clemencia Philemón de Godreau. The plaintiff accepted the contract in the belief that if such mortgage existed the defendant would surely have to cancel it, for it cannot be presumed otherwise considering the fact that he had the money ready for delivery to the defendant as soon as the deed was signed and signed the deed himself in the absence of the defendant.

The other assignment of error, *i. e.,* lack of proof of damages suffered by the plaintiff to the amount of $350, is sustained by the pleadings of the plaintiff and by the evidence.

The agreement was made, as alleged by plaintiff, on August 7, 1917. The complaint was filed eleven days later, or on the 18th of the same month. The plaintiff instructed his brother, Elías Ortiz, as testified to by the latter and corroborated by witness José C. Ramos, the notary, to deliver to the notary $3,500 for Patricio Alvarado when the deed was signed. The defendant received no part of the said

sum, and although, as the plaintiff alleges, three days after the agreement had been made Modesto Ortiz Cádiz asked the plaintiff for a loan of the same amount of $3,500, which he could not make because he had to fulfill his promise to the defendant and had no more ready cash at the time, there is not the least indication that later the plaintiff had no opportunity to invest the $3,500 which the defendant had refused to accept as a loan. As soon as the defendant failed to sign the deed the plaintiff was at liberty to dispose of his money in any other business.

Although the defendant did not receive the $3,500, he had that sum at his disposal for a short period of time that could not exceed eleven days, that is, from August 7, 1917, when the agreement was made, until the 18th of the same month, when the complaint was filed. The interest for these eleven days is the measure of the damages suffered by the plaintiff by reason of the breach of the contract by the defendant. Sections 1068, 1073 and 1074 of the Civil Code. If the interest for one year was $350, for eleven days it would be $10.54. Interest on the sum of $3,500 after the complaint had been filed, when the plaintiff already had the money at his disposal, cannot be claimed.

And it does not matter that the defendant was bound to pay to the plaintiff the yearly interest of $350 in advance, for that obligation was contingent upon the delivery of the $3,500 which he never received.

See *Estate of Olivas & Co.,* v. *J. Matienzo & Co.,* 13 P. R. R. 285, and *Cobián* v. *Abril,* 14 P. R. R. 275.

The judgment of the lower court is modified to fixing the amount of the damages at $10.54, without special imposition of costs.

*Modified and affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.